UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE


CHARITY CHATMAN                                                                    PLAINTIFF


v.                                                        CIVIL ACTION NO. 3:16CV-826-CRS


WHITE LODGING SERVICES CORPORATION                                    DEFENDANT


## MEMORANDUM OPINION


The above-styled action was removed to this court under our diversity jurisdiction.  The

matter is before the court on motion of the plaintiff, Charity Chatman ("Chatman"), to remand

the action to the Jefferson County, Kentucky, Circuit Court.  The complaint alleges that

Chatman, an African American female, worked for White Lodging Services Corporation

("WLSC") as a bartender from September to November, 2016.  Chatman alleges that during her

period of employment, she was treated less favorably than her non-African American

counterparts and was subjected to racially hostile comments as well as inappropriate sexual

conduct.  She alleges that she complained of racial discrimination and sexual harassment to

management and that thereafter WLSC retaliated against her, terminating her employment.  DN

1-2. Chatman alleges that WLSC is a "foreign corporation" doing business in Louisville,

Kentucky, that the events giving rise to the causes of action occurred in Jefferson County,

Kentucky, and that the amount in controversy in this case exceeds the jurisdictional minimum of

the Jefferson County, Kentucky, Circuit Court but is less than $75,000.00 inclusive of costs,

punitive damages and the fair value of any injunctive relief. *Id.*

In considering Chatman's motion to remand, the court must consider (1) whether WLSC

has shown by a preponderance of the evidence that the amount in controversy is satisfied, considering the damages alleged at the time of removal, and (2) whether Chatman's post-removal stipulation vitiates the amount in controversy finding.  *See Agri-Power, Inc. v. Majestic JC, LLC,* No. 13CV-46-TBR, 2013 WL 3280244 (W.D.Ky. June 27, 2013).

As noted in *Agri-Power, Inc., supra.,* at *2-3,

> As amended, § 1446 permits a defendant to assert the amount in controversy in its notice of removal if removing from a jurisdiction where "State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded."  § 1446(c)(2)(A)(ii).  Removal from such a jurisdiction is proper upon the defendant's assertion of the amount in controversy "if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)."  § 1446(c)(2)(B). These recently enacted congressional amendments are applicable in the present case because Kentucky both prohibits the demand for a specific sum and allows recovery beyond that demanded in the pleadings.  *See* Ky.R.Civ.P. 8.01(2), 54.03(2).  Therefore, the first issue that must be addressed is whether the Defendants have shown that it is more likely than not that the amount in controversy exceeds $75,000...In regard to the second issue at hand...this court has recognized that a plaintiff may stipulate that it neither seeks, nor will accept, damages in an amount greater than $75,000, and that such a stipulation will destroy the amount-in-controversy requirement for § 1332 jurisdiction.  *ee, e.g., Spence v. Centerplate*, ___F.Supp.2d ___, 2013 WL 1163991, at *2 (W.D.Ky. Mar. 21, 2013).  Still, "only where that clarifying stipulation is unequivocal will it limit the amount of recoverable damages and warrant remand."  *Proctor*, 2013 WL 4593409, at *3 (*citing Egan v. Premier Scales & Sys.,* 237 F.Supp.2d 774, 778 (W.D.Ky. 2012).

In support of removal, WLSC offers its computation of various damage categories, concluding that such damages exceed the sum of $75,000.00.  It notes that Chatman was paid a wage of $6.00 per hour with an expectation of tips in the amount of $732.00 per week. Extrapolating, WLSC suggests that she had a total expected income of $50,544.00 per year.  This figure is offered by its Senior Director for Associate Relations and Risk Management in an affidavit. DN 1-3.    This calculation is offered despite the fact that Chatman worked for WLSC for, at most, two months.

Chatman has filed a stipulation, through counsel, accompanying her motion for remand that

> The amount in controversy in this matter, including back pay, front pay, compensatory damages, punitive damages, and attorney's fees, and the fair value of any injunctive relief sought by Plaintiff, does not exceed the sum or value of $74,999.00 exclusive of interest and costs; at any time up to and including trial and any subsequent appeals;

> Plaintiff will not seek a judgment or request a verdict for an amount in excess of $74,999.00 and will not seek attorney's fees for any amount that, together with any judgment or verdict, would exceed $74,999.

DN 5-1.

The language of this stipulation comports with *Martin v. UPS Supply Chain Solutions*, Civil Action No. 3:14-CV-00342-TBR, 2015 WL 691557 (W.D.Ky. Feb. 18, 2015), *Agri-Power, Inc., supra.,* and cases cited therein holding that such a stipulation satisfies the requirement that the plaintiff's stipulation be clear and unequivocal. See also *Agri-Power* at *4, *quoting Standard Fire Ins. Co. v. Knowles,* 133 S.Ct. 1345, 1348 (2013)("'[s]tipulations must be binding' because they amount to an 'express waiver made...by the party or his attorney conceding for purposes of the trial the truth of some alleged fact.'").

WLSC is concerned that the stipulation may not be watertight in state court. It notes that the stipulation is an unsworn statement of his attorney, and does not state that the plaintiff will not *accept* a sum in excess of $74,999.00. We reiterate what we have stated in similar cases. While an unscrupulous party might seek to abuse the process, this court is placing absolute reliance upon counsel's statement limiting damages as an essential component of our order of remand. To be clear, not only do we have the signed stipulation filed in the record of this case on behalf of the plaintiff, but we also have a representation in the state court complaint that the

unspecified amount[1] in controversy is less than $75,000.00. The case was removed to this court despite this statement in the complaint, and thus there is no post-removal manipulation by the plaintiff of the amount in controversy. Rather, the stipulation clarifies that plaintiff stipulates that it is bound by this sum on remand. While the court has no doubt as to the unequivocal statement of the plaintiff, we note that any attempt to void the commitment will be considered to be sanctionable conduct and may justify re-removal. *See, VanEtten v. Boston Scientific*, 2009 WL 3485909, *2 (W.D.Ky. Oct. 23, 2009); *Hoop v. Wal-Mart Stores East, L.P.,* Civil No. 13-115-GFVT, 2014 WL 1338704 (E.D.Ky. Mar. 31, 2014). The motion to remand will therefore be granted.

A separate order will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**

April 29, 2017

**Charles R. Simpson III, Senior Judge**
**United States District Court**

---

[1] Unspecified due to the rules of pleading in Kentucky state courts, but properly noted to exceed the jurisdictional threshold of the Circuit Court.